IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BARRY WELLS**                                                                                           **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 5:14-cv-20-DCB-MTP**

**MARK SHEPARD, ET AL.**                                                                          **DEFENDANTS**

### ORDER

BEFORE the Court is the Plaintiff's *pro se* Motion [ECF No. 8] for a preliminary injunction filed March 25, 2014. Upon consideration of Plaintiff's Motion, supporting documents and Memorandum of Law [ECF No. 13], the Court has reached the following conclusions.

Plaintiff is a pretrial detainee currently incarcerated in the Pike County Jail. Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. He has been granted permission to proceed *in forma pauperis* in this case. Order [ECF No. 14]. Plaintiff has entitled his request as a "motion for emergency preliminary injunction d[ue] to irreparable harm and pain and suffering and injury that would cause permanent injury or damage to my right shoulder injury that can not be fixed by money, for on-going pain and long[-]term irreparable harm without emergency care by [a] doctor." Mot. [ECF No. 8] at 1. In the body of the Motion, Plaintiff requests an "emergency preliminary injunction" to re-open the law library at the jail and allow the use of copy machines. *Id*. He also requests an "emergency injunction upon the jail and county officials to meet MDOC rules for state prisoners and pretrial detainees." *Id*.

In order to receive a preliminary injunction, the Plaintiff must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat that failure to grant the order will result in irreparable injury; (3) the threatened injury outweighs any damage the injunction will cause defendants; and (4) the injunction will not have an adverse affect on the public interest. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). A preliminary injunction "should not be granted unless the party seeking it has clearly carried the burden

of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted).

It appears Plaintiff is claiming that he is entitled to injunctive relief during the pendency of his case because he may suffer irreparable harm if he does not receive an examination of his shoulder by an "outside doctor," *i.e.*, medical personnel not at the jail. Mem. of Law [ECF No. 13] at 2.  Although a preliminary injunction may be granted to safeguard constitutional rights, it remains "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." *Black Fire Fighters Ass'n v. City of Dallas, Texas,* 905 F.2d 63, 65 (5th Cir.1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 997 (5th Cir.1985)).  Furthermore, the granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. *Lakedreams,* 932 F.2d at 1107 (citing *Apple Barrel Productions, Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir.1984)). The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. *Canal Authority of State of Florida v. Callaway,* 489 F.2d 567, 573 (5th Cir.1974).

The Court has evaluated Plaintiff's request in accordance with the applicable case law and finds that Plaintiff has failed to carry his burden of persuasion as to the required factors for such relief. *See Ridgely v. FEMA*, 512 F.3d 727, 734-35 (5th Cir. 2008).  The Court will be able to render a meaningful decision without granting a preliminary injunction.  Therefore, Plaintiff's Motion will be denied without a hearing.  Accordingly, it is hereby,

ORDERED that Plaintiff's Motion [ECF No. 8] for a preliminary injunction is **denied**.

SO ORDERED, this the   21st   day of April, 2014.

                                                      s/David Bramlette
                                                      UNITED STATES DISTRICT JUDGE