IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BARRY WELLS                                                                                          PLAINTIFF

VERSUS                                              CIVIL ACTION NO.  5:14-cv-20-DCB-MTP

MARK SHEPARD, ET AL.                                                                       DEFENDANTS

## ORDER

BEFORE the Court is Plaintiff's Motion [23] for class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff Barry Wells, a pretrial detainee currently incarcerated at the Pike County Jail, filed a *pro se* conditions of confinement complaint pursuant to 42 U.S.C. § 1983.[1]  In the instant Motion, Plaintiff states that he is seeking "class action injunctive relief for all inmates" based on "deliberate indifference to the medical care" of pretrial detainees and state inmates at the Pike County Jail.  Mot. [23] at 1.  For the reasons set forth below, Plaintiff's Motion [23] will be denied.

A party seeking class action certification must demonstrate that he "will fairly and adequately protect the interests of the class."  Fed.R.Civ.P. 23(a)(4).  Courts have routinely found that prisoners proceeding *pro se* are inadequate to represent the interest of fellow inmates in a class action.  *See Wallace v. Smith*, 145 F. App'x. 300, 302 (11th Cir. 2005)(citations omitted)(finding "plain error" for Court to permit a *pro se* prisoner to represent fellow inmates in class action); *Alexander v. New Jersey State Parole Bd.*, 160 F. App'x. 249, 250 n.1 (3rd Cir. 2005)(noting that "a prisoner may not seek relief on behalf of his fellow inmates"); *Caputo v. Fauver*, 800 F.Supp. 168, 169-70 (D.N.J. 1992)(holding *pro se* prisoner cannot meet requirements of Rule 23(a)(4)); *see also Flymbo v. State Farm Fire & Cas. Co*, 213 F.3d 1320,

---

[1]Plaintiff was granted leave to proceed *in forma pauperis* on April 9, 2014.  *See* Order [14].

1321 (10th Cir. 2000)(non- attorneys proceeding *pro se* cannot adequately represent a class). Furthermore, a district court has "wide discretion in deciding whether or not to certify a proposed class." *McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 162 (5th Cir. 1995).

The Court has evaluated the instant Motion in accordance with the requirements of Rule 23. Plaintiff has failed to establish that class certification is warranted. Accordingly, it is hereby,

ORDERED that Plaintiff's *pro se* Motion [23] for class action certification and injunctive relief is denied.

THIS, the 6th day of June, 2014.

                                                S/David Bramlette
                                                UNITED STATES DISTRICT JUDGE